**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.: <u>CV 16-02044 SJO (JEMx)</u>       DATE: <u>June 3, 2016</u>**

**TITLE:       <u>Richard Plummer v. Tesoro Refining and Marketing Company et al.</u>**

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S RICHARD PLUMMER'S MOTION TO REMAND** [Docket No. 12]

This matter is before the Court on Plaintiff Richard Plummer's ("Plummer") Motion to Remand ("Motion"), filed May 4, 2016. Defendant Tesoro Refining and Marketing Company et al. ("TRMC") opposed the Motion ("Opposition") on May 16, 2016. Plaintiff did not file a Reply. The Court finds this Motion suitable for disposition without oral argument and vacated the hearing set for June 6, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

I.       FACTUAL AND PROCEDURAL BACKGROUND

       A.       Factual Background

              1.       The Parties

Plaintiff Richard Plummer ("Plummer") is a resident of Los Angeles County, California. (Compl. ¶ 1, ECF No. 1-A.) He names eight separate defendants in the instant action: Tesoro Refining and Marketing Company LLC ("TRMC"), Tesoro Companies, Inc. ("Tesoro Companies"), Tesoro Corporation ("Tesoro Corp.") (collectively, "Entity Defendants"), Sondra Fisher ("Fisher"), Eric Schmand ("Schmand"), Edmund Feck ("Feck"), Dan Carlson ("Carlson") (collectively, "Individual Defendants"), and Does 1 through 100.

TRMC is a wholly-owned subsidiary of its parent company, Tesoro Corp., a publically held corporation trading on the New York Stock Exchange and a limited liability company. (*See* ECF No. 4.) Tesoro Companies is a Delaware corporation whose principal place of business is located in San Antonio, Texas. (*See* ECF No. 4.) The Individual Defendants are residents of Los Angeles County, California. (Compl. ¶ 2.) Defendants Does 1 through 100 are sued under fictitious names pursuant to California Code of Civil Procedure § 474. (Compl. ¶ 3.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** __CV 16-02044 SJO (JEMx)__          **DATE:** __June 3, 2016__

      2.    <u>Central Allegations</u>

The instant case is an employment dispute stemming from Plaintiff Plummer's employment by the Entity Defendants. Plaintiff alleges the following. He was employed at the Los Angeles Refinery in Wilmington, California for 35 years, beginning in 1973. (Compl. ¶ 8.) At all times during his employment, Plummer performed his duties in an exemplary manner. (Compl. ¶ 9.)

In 2007, TRMC acquired the refinery. (Compl. ¶ 11a.) A year later, Plummer's annual performance evaluation stated that he was "burnt out" in his position as operations specialist and that he need to be replaced. (Compl. ¶ 11a.) Thereafter, a younger employee with less experience replaced Plummer as an operations specialist, and Plummer was reassigned to the position of turnaround coordinator, a position outside his scope of training and experience. (Compl. ¶ 11a-b.) In 2013, Defendants reassigned Plummer. This time, Plummer was placed in a catalyst coordinator position, an administrative position outside his operations expertise. (Compl. ¶ 11d.)

In March of 2014, Plummer's supervisors, Schmand and Feck, allegedly presented him with a document titled "Performance Improvement Plan" stating that "[f]ailure to achieve the elements of this plan and meet exception at anytime during this plan period may result in job action up to and including termination." (Compl. ¶ 11f.) Schmand and Feck allegedly told Plummer that he would not have a job unless he signed the document. (Compl. ¶ 11f.) That same year, Plummer applied for a position as training coordinator and was not accepted. (Compl. ¶ 11g.) Shortly thereafter, Plummer applied for a position as an operations specialist, and was not accepted. (Compl. ¶ 11g.)

In January of 2015, after working 22 days in a row, Plummer asked Individual Defendant Fisher for two days off from work. Fisher denied the request, although Defendants purportedly routinely granted time off to younger employees. (Compl. ¶ 11h.) In February of 2015, Plummer received a poor performance evaluation. (Compl. ¶ 11i.) On February 26, 2015, Defendants fired Plummer for "performance failures and policy violations." (Compl. ¶ 12.)

      B.    <u>Prior Proceedings</u>

On August 28, 2015, Plaintiff brought the instant action in Los Angeles Superior Court, alleging the following ten claims: (1) age discrimination; (2) age harassment; (3) retaliation for complaining of age discrimination and/or harassment; (4) breach of express oral contract not to terminate employment without good cause; (5) breach of implied-in-fact contract not to terminate employment without good cause; (6) negligent hiring, supervision, and retention; (7) failure to promote on the basis of age discrimination; (8) wrongful termination of employment in violation of public policy (Labor Code § 1102.5; FEHA, Government Code § 12900, *et seq.*); (9) violations of Labor Code § 1102.5, *et seq.*; and (10) intentional infliction of emotional distress. On March 24, 2016, Defendants removed the instant case to this Court based on diversity jurisdiction.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:  CV 16-02044 SJO (JEMx)**          **DATE:  June 3, 2016**

On May 4, 2016, Plaintiff  filed the instant Motion, contending that the Court should remand this case to Los Angeles Superior Court because there is a lack of complete diversity between Plaintiff and Defendants.  (*See generally* Mot.)

II.    DISCUSSION

    A.    Legal Standards

        1.    Removal Jurisdiction based on Diversity of Citizenship

A district court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "Jurisdictional facts are assessed on the basis of Plaintiff's complaint at the time of removal."  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (citing 28 U.S.C. § 1441).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)).   "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*,  903 F.2d 709, 712 n. 3 (9th Cir. 1990)).

28 U.S.C.A. Section 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under Section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C.A. § 1441(b)(2).

        2.    Fraudulent Joinder

Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1067  (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).   "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. A defendant cannot successfully prove fraudulent joinder, however, by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of America*, No. CV 15-902-GW,

_____ : _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.: CV 16-02044 SJO (JEMx)**          **DATE: June 3, 2016**

2015 WL 4507104 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1.

      B.     Application

In the instant Motion, Plaintiff contends that the Court should remand this case to Los Angeles Superior Court for two reasons: (1) the Complaint and judicially-noticeable documents do not establish the amount in controversy required by 28 U.S.C. section 1332(a); and (2) there is not complete diversity of citizenship between the litigants because Feck and Fisher are not fraudulent defendants and thus removal is inappropriate under 28 U.S.C. section 1441(b). (*See generally* Mot.) Defendants respond that Plaintiff's estimated damages for lost wages alone exceed $137,922. (*See generally* Opp'n.) Furthermore, Defendants assert that both Feck and Fisher are fraudulent defendants because Plaintiff failed to exhaust administrative remedies under the California Fair Employment Housing Act ("FEHA") and because the exclusivity provisions of California's Worker's Compensation Act bar Plaintiff's claim of intentional infliction of emotional distress against Feck and Fisher. (*See generally* Opp'n.)

After analyzing the amount in controversy and fraudulent joinder arguments, the Court **DENIES** Plaintiff's Motion. The Court addresses these two issues in turn.

      1.     Amount in Controversy

The amount in controversy in the instant litigation meets federal jurisdictional requirements. "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Although Plaintiff's Complaint does not specify the amount in controversy, Defendants clearly establish the amount through the Declaration of Doreen Bartels. The declaration estimates that Plaintiff's claimed damages for lost wages exceed $137,922. (*See* Decl. of Doreen Bartels ¶¶ 3-4, ECF No. 1-2.)

///
///

      2.     Fraudulent Joinder

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:  CV 16-02044 SJO (JEMx)**          **DATE:  June 3, 2016**

The Court next addresses Plaintiff's contention that Feck and Fisher, like Plaintiff, are citizens of California, and therefore, that there is not complete diversity of citizenship between the litigating parties.  (Mot. 4.)   Plaintiff alleges two claims against Feck and Fisher: age harassment and intentional infliction of emotional distress ("IIED").  Defendants argue that Feck and Fisher are fraudulent defendants, joined only for the purpose of defeating diversity jurisdiction, because Plaintiff failed to exhaust administrative remedies under FEHA for the former claim and because the exclusivity provisions of California's Worker's Compensation Act bar the latter claim.  (Opp'n 2-3).  The Court agrees with Defendants contentions.

### a.    Exhaustion of Remedies Under FEHA

Plaintiff did not exhaust administrative remedies for the age harassment claim prior to filing the instant lawsuit.  To challenge an unlawful employment practice in court, an employee must first file a charge with the California Department of Fair Employment and Housing ("DFEH").  *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1612-13, 43 Cal. Rptr. 2d 57 (1995); *see also* Cal. Gov't Code § 12960.  Here, although Plaintiff filed a charge with DFEH and DFEH issued a Right to Sue Notice, the charge only named Tesoro, not Individual Defendants Feck and Fisher.  (*See* Compl. of Employment Discrimination with DFEH, Ex. B, Decl. of Alison S. White, ECF No. 13-1.)  "In order to bring a civil lawsuit under the FEHA, the defendant must have been named in the caption or body of the DFEH charge." *Cole v. Antelope Valley Union High Sch. Dist.*, , , 1515 (1996).  Because Plaintiff did not abide by this requirement with regards to the age harassment claim against Feck and Fisher, the Court determines that Plaintiff has not exhausted administrative remedies for these two Individual Defendants.  Therefore, Feck and Fisher are fraudulently joined in the age harassment cause of action.

### b.    Intentional Infliction of Emotional Distress

Having concluded that Plaintiff fails to establish an age harassment claim against Feck and Fisher, the Court next considers the validity of Plaintiff's claim of IIED.

The Court holds that the IIED claim against Feck and Fisher is preempted by California law, and therefore, that they are fraudulent defendants for purposes of the IIED claim as well.  "[U]nder California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act."  *Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2012); *see Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338, 367 (Cal. Ct. App. 2010) ("An employer's intentional misconduct in connection with actions that are a normal part of the employment relationship, such as demotions and criticism of work practices, resulting in emotional injury is considered to be encompassed within the compensation bargain, even if the misconduct could be characterized as 'manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance.'" (quoting *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (Cal. 1987))).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** **CV 16-02044 SJO (JEMx)**          **DATE:** **June 3, 2016**

In the present case, the alleged conduct by Feck and Fisher occurred during the course of the employer-employee relationship, while they provided feedback and supervision to Plaintiff. Specifically, Feck's purported misconduct occurred when he gave Plaintiff a negative performance review, while Fisher's occurred when he denied Plaintiff's request for leave days. (Compl. ¶¶ 11h-l.) As the California Supreme Court has held, "when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harrassment, or intended to cause emotional disturbance resulting in disability." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987). Plaintiff, therefore, does not have an independent cause of action against Feck and Fisher based on IIED. The Court does not consider these two Individual Defendants for purposes of determining its jurisdiction.

Accordingly, because Plaintiff has failed to state a cause of action against Feck and Fisher, the only two Defendants who share citizenship with Plaintiff, the Court **DENIES** Plaintiff's Motion.

III.    RULING

For the foregoing reasons, the Court **DENIES** Plaintiff Richard Plummer's Motion to Remand.

IT IS SO ORDERED.